T.C. Summary Opinion 2009-189


UNITED STATES TAX COURT


IRINA AGRONIN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 28745-07S, 2977-09S.     Filed December 10, 2009.


Irina Agronin, pro se.

<u>Theresa G. McQueeney</u>, for respondent.


CHIECHI, <u>Judge</u>:  Each of these consolidated cases was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed in each such case.[1]  Pursuant to section 7463(b), the decisions to be entered

---

[1]Hereinafter, all section references are to the Internal Revenue Code (Code) in effect for the years at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

are not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined the following deficiencies in, and accuracy-related penalty under section 6662(a) on, petitioner's Federal income tax (tax) for her taxable years 2005 and 2006:

| Year | Deficiency | Accuracy-Related Penalty |
|------|-----------|--------------------------|
| 2005 | $3,496 | $699.20 |
| 2006 | 4,004 | -- |

The issues for decision are:

(1) Is petitioner entitled to deductions for each of her taxable years 2005 and 2006 in excess of those that respondent allowed for each of those years?  We hold that she is not.

(2) Is petitioner liable for her taxable year 2005 for the accuracy-related penalty under section 6662(a)?  We hold that she is.

## Background

Some of the facts have been stipulated and are so found.

Petitioner resided in New York at the time she filed the respective petitions in these cases.

During 2003 and 2004, petitioner, whose maiden name is Belman, lived in New York and sought employment as a medical resident.

In 2005 and 2006, the taxable years at issue, petitioner was living in and working as a medical resident in New York and was in search of a full-time medical residency.  As of the time of

the trial in this case, petitioner had not completed her medical board certification.

Around September 2005, when petitioner was living in and working as a medical resident in New York, petitioner's apartment in Arkansas had a flood. Around the same time, petitioner moved her belongings from Little Rock, Arkansas, to Rockaway Park, New York.

In 2005, petitioner's dependent son, Leonard Agronin (Mr. Agronin), graduated from St. Mary's University Law School in San Antonio, Texas.[2] Mr. Agronin did not take the bar exam.

During 2005 and 2006, Mr. Agronin attended Canisius College in order to earn a degree in graduate sport administration. During those years, payments for tuition and room and board totaling $8,962.50 and $16,889, respectively, were made to Canisius College with respect to Mr. Agronin's attendance at that college.

Petitioner timely filed Form 1040, U.S. Individual Income Tax Return, for each of her taxable years 2005 (2005 return) and 2006 (2006 return). In the 2005 return, petitioner reported total income and adjusted gross income of $47,649, claimed itemized deductions of $35,012 from Schedule A--Itemized Deductions (Schedule A) included with that return (2005 Schedule A),

---

[2]It appears that Mr. Agronin attended college in Little Rock, Ark.

and reported taxable income of $6,237. In the 2005 Schedule A, petitioner claimed, inter alia, (1) total medical and dental expenses of $14,800 before the application of the 7.5-percent floor imposed by section 213(a), (2) total cash and noncash gifts to charity of $5,900,[3] and (3) total "Job Expenses and Certain Miscellaneous Deductions" (job and other expenses) of $16,824 before the application of the two-percent floor imposed by section 67(a).[4]

---

[3]The total cash and noncash gifts to charity of $5,900 that petitioner claimed in the 2005 Schedule A included $2,100 of claimed noncash gifts to charity.

[4]Of the total $16,824 of job and other expenses that petitioner claimed in the 2005 Schedule A, petitioner claimed $16,550 for "Unreimbursed employee expenses--job travel, union dues, job education, etc." (unreimbursed employee expenses) and $274 for tax preparation fees. The total $16,550 of unreimbursed employee expenses that petitioner claimed in that schedule was for the following claimed expenses:

| Type of Expense Claimed | Amount of Expense Claimed |
| --- | --- |
| Job search expenses | $8,000 |
| Research conferences and seminars | 4,000 |
| Professional journals | 3,000 |
| Uniforms | 200 |
| Uniform maintenance | 200 |
| Shoes | 100 |
| Medical equipment | 200 |
| Union dues | 720 |
| Security locks | 50 |
| Conference presentations | 80 |

Petitioner did not attach Form 2106, Employee Business Expenses (Form 2106), or Form 2106-EZ, Unreimbursed Employee Business Expenses (Form 2106-EZ), to the 2005 Schedule A as required by that schedule.

As required by section 213(a), petitioner reduced the total medical and dental expenses (i.e., $14,800) that she claimed in the 2005 Schedule A by 7.5 percent of her adjusted gross income (i.e., by $3,574). As required by section 67(a), petitioner reduced the total (i.e., $16,824) job and other expenses that she claimed in the 2005 Schedule A by two percent of her adjusted gross income (i.e., by $953). In determining the taxable income reported in petitioner's 2005 return, petitioner deducted the respective balances of claimed medical and dental expenses and claimed job and other expenses after the reductions just de-scribed, as well as the other itemized deductions claimed in the 2005 Schedule A that were not subject to any floor.

In the 2006 return, petitioner reported $51,743 of total income and $47,743 of adjusted gross income and claimed itemized deductions of $70,099 from Schedule A included with that return (2006 Schedule A).[5] In the 2006 Schedule A, petitioner claimed, inter alia, (1) total medical and dental expenses of $33,000 before the application of the 7.5-percent floor imposed by section 213(a), (2) total cash gifts to charity of $6,500, and

---

[5]The copy of the 2006 return in the record is not complete. As a result, the record does not disclose, inter alia, the taxable income that petitioner reported in that return.

(3) total job and other expenses of $32,922 before the application of the two-percent floor imposed by section 67(a).[6]

As required by section 213(a), petitioner reduced the total medical and dental expenses (i.e., $33,000) that she claimed in the 2006 Schedule A by 7.5 percent of her adjusted gross income (i.e., by $3,581). As required by section 67(a), petitioner reduced the total job and other expenses (i.e., $32,922) that she claimed in the 2006 Schedule A by two percent of her adjusted gross income (i.e., by $955). In determining the taxable income reported in the 2006 return, petitioner deducted the respective

---

[6]Of the total $32,922 of job and other expenses that petitioner claimed in the 2006 Schedule A, petitioner claimed $32,640 for unreimbursed employee expenses and $282 for tax preparation fees. The total $32,640 of unreimbursed employee expenses that petitioner claimed in that schedule was for the following claimed expenses:

| Type of Expense Claimed | Amount of Expense Claimed |
| --- | --- |
| Job search expenses | $800 |
| Research conferences and seminars | 10,000 |
| Fellowship program | 15,000 |
| Professional journals | 3,000 |
| Uniforms | 600 |
| Uniform maintenance | 400 |
| Shoes | 300 |
| Medical equipment | 400 |
| Union dues | 840 |
| Security locks | 150 |
| Conference presentations | 150 |
| Graduate exams and testing | 1,000 |

Petitioner did not attach Form 2106 or Form 2106-EZ to the 2006 Schedule A as required by that schedule.

balances of claimed medical and dental expenses and claimed job and other expenses after the reductions just described, as well as the other itemized deductions claimed in the 2006 Schedule A that were not subject to any floor.

Respondent issued to petitioner a separate notice of deficiency for each of her taxable years 2005 (2005 notice) and 2006 (2006 notice). In the 2005 notice, respondent disallowed the total itemized deductions of $35,012 that petitioner claimed in her 2005 return.[7] In the 2005 notice, respondent also determined to impose on petitioner for her taxable year 2005 an accuracy-related penalty under section 6662(a). In the 2006 notice, respondent disallowed the total itemized deductions of $70,099 that petitioner claimed in her 2006 return.[8]

## Discussion

Petitioner bears the burden of proving error in the determinations in the 2005 notice and the 2006 notice that remain at issue.[9] See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115

---

[7]In the 2005 notice, respondent allowed petitioner a standard deduction of $7,300.

[8]In the 2006 notice, respondent allowed petitioner a standard deduction of $7,550.

[9]Petitioner does not claim that the burden of proof shifts to respondent under sec. 7491(a) with respect to the deficiency that respondent determined for each of the years at issue and that is attributable to the determinations in the 2005 notice and the 2006 notice that remain at issue. In any event, petitioner has failed to carry her burden of establishing that she satisfies

(continued...)

(1933). She also bears the burden of proving her entitlement to any deductions that she is claiming here, which she did not claim in her 2005 return and her 2006 return. See Rule 142(a). Moreover, deductions are a matter of legislative grace, and petitioner bears the burden of proving entitlement to any deduction claimed.[10] See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).

We turn first to the deductions that petitioner is claiming for each of the years at issue in excess of the amounts that respondent allowed for each of those years. It is petitioner's position that she is entitled to the respective deductions claimed in her 2005 return and her 2006 return that respondent disallowed in the 2005 notice and the 2006 notice and does not concede here. In addition, petitioner argues that she is entitled to deductions not claimed in her 2005 return and her 2006 return,[11] including, for example, (1) a claimed casualty loss

---

[9](...continued)
the requirements of sec. 7491(a)(2). On the record before us, we find that the burden of proof does not shift to respondent under sec. 7491(a).

[10]The Code and the regulations thereunder require petitioner to maintain records sufficient to establish the amount of any deduction claimed. See sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

[11]At trial, petitioner was not sure which of the deductions that she is claiming here for the respective years at issue were claimed in her 2005 return and her 2006 return and which were not. Nor was she sure of the respective amounts of all of the
(continued...)

deduction for her taxable year 2005 relating to a flood in that year in her apartment in Arkansas, (2) deductions for each of the years at issue for various types of expenses that she claims she paid during each of those years for Mr. Agronin, her son, such as expenses for lodging, food, tuition, books, transportation, and medical and dental care, and (3) a deduction for her taxable year 2006 for expenses that she claims she paid during that year to restore the grave sites of her husband and her grandmother, who are buried in Russia.

Petitioner relies principally on the testimony of Alla Agronin (Ms. Agronin) and her own testimony in order to satisfy her burden of proving that she is entitled to the deductions that she is claiming for each of the years at issue. We found the testimony of Ms. Agronin to be in material respects general, vague, conclusory, uncorroborated, and serving the interest of petitioner, who is her mother. We found the testimony of petitioner to be in material respects general, vague, conclusory, uncorroborated, and self-serving. We shall not rely on the respective testimonies of Ms. Agronin and petitioner to establish petitioner's position that she is entitled to the deductions that she is claiming for each of the years at issue. See, e.g., Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).

---

[11](...continued)
various deductions that she is claiming here.

Based upon our examination of the entire record before us, we find that petitioner has failed to carry her burden of establishing her entitlement to the deductions that she is claiming for each of the years at issue in excess of the amounts that respondent allowed for each of those years.

We turn now to the accuracy-related penalty under section 6662(a) for which respondent determined petitioner is liable for her taxable year 2005. Section 6662(a) imposes an accuracy-related penalty equal to 20 percent of the underpayment to which section 6662 applies. Section 6662 applies to the portion of any underpayment which is attributable to, inter alia, (1) negligence or disregard of rules or regulations, sec. 6662(b)(1), or (2) a substantial understatement of tax, sec. 6662(b)(2).

The term "negligence" in section 6662(b)(1) includes any failure to make a reasonable attempt to comply with the Code. Sec. 6662(c). Negligence has also been defined as a failure to do what a reasonable person would do under the circumstances. Leuhsler v. Commissioner, 963 F.2d 907, 910 (6th Cir. 1992), affg. T.C. Memo. 1991-179; Antonides v. Commissioner, 91 T.C. 686, 699 (1988), affd. 893 F.2d 656 (4th Cir. 1990). The term "negligence" also includes any failure by the taxpayer to keep adequate books and records or to substantiate items properly. Sec. 1.6662-3(b)(1), Income Tax Regs. The term "disregard"

includes any careless, reckless, or intentional disregard. Sec. 6662(c).

For purposes of section 6662(b)(2), an understatement is equal to the excess of the amount of tax required to be shown in the tax return over the amount of tax shown in such return. Sec. 6662(d)(2)(A). An understatement is substantial in the case of an individual if the amount of the understatement for the taxable year exceeds the greater of ten percent of the tax required to be shown in the tax return for that year or $5,000. Sec. 6662(d)(1)(A).

The accuracy-related penalty under section 6662(a) does not apply to any portion of an underpayment if it is shown that there was reasonable cause for, and that the taxpayer acted in good faith with respect to, such portion. Sec. 6664(c)(1). The determination of whether the taxpayer acted with reasonable cause and in good faith depends on the pertinent facts and circum- stances, including the taxpayer's efforts to assess such tax- payer's proper tax liability, the knowledge and experience of the taxpayer, and the reliance on the advice of a professional, such as an accountant. Sec. 1.6664-4(b)(1), Income Tax Regs.

Respondent has the burden of production under section 7491(c) with respect to the accuracy-related penalty under section 6662(a) that respondent determined for petitioner's taxable year 2005. To meet that burden, respondent must come

forward with sufficient evidence showing that it is appropriate to impose the accuracy-related penalty. See Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Although respondent bears the burden of production with respect to the accuracy-related penalty that respondent determined for petitioner's taxable year 2005, respondent "need not introduce evidence regarding reasonable cause, substantial authority, or similar provisions. * * * the taxpayer bears the burden of proof with regard to those issues." Id.

On the record before us, we find that petitioner failed to maintain adequate books and records and failed to substantiate virtually all of the deductions that she claimed in her 2005 return. See sec. 1.6662-3(b)(1), Income Tax Regs. Moreover, except for the relatively minimal amount of deductions that respondent concedes for petitioner's taxable year 2005, we have sustained respondent's determinations to disallow the itemized deductions that petitioner claimed in the 2005 Schedule A included with her 2005 return. On the record before us, we find that petitioner failed (1) to keep adequate books and records and (2) to substantiate properly the deductions that she claimed in the 2005 Schedule A that are at issue. See sec. 1.6662-3(b)(1), Income Tax Regs. On that record, we find that respondent has carried respondent's burden of production with respect to the

accuracy-related penalty under section 6662(a) that respondent determined for petitioner's taxable year 2005.

On the record before us, we find that petitioner has failed to carry her burden of showing that she was not negligent and did not disregard rules or regulations, or otherwise did what a reasonable person would do, with respect to the underpayment for her taxable year 2005.

On the record before us, we further find that petitioner has failed to carry her burden of showing that there was reasonable cause for, and that she acted in good faith with respect to, the underpayment for her taxable year 2005.

Based upon our examination of the entire record before us, we find that petitioner has failed to carry her burden of establishing that she is not liable for her taxable year 2005 for the accuracy-related penalty under section 6662(a).

We have considered all of petitioner's contentions and arguments that are not discussed herein, and we find them to be without merit, irrelevant, and/or moot.

To reflect the foregoing and the concessions of respondent,

<u>Decisions will be entered</u>

<u>under Rule 155</u>.